878 F.2d 379
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
ANTHONY GRANDISON, Plaintiff-Appellant,
v.
William J. MILLER, S/A, Francis McCormack, S/A, Michael
Agnese, S/A, Supervisor; John Tripodi, S/A,
United States Government, Defendants-Appellees.
 No. 88-7198.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 24, 1989.
Decided June 21, 1989.
Rehearing and Rehearing In Banc Denied Aug. 2, 1989.
 
 Anthony Grandison, appellant pro se.
 Charles Preston Scheeler, Office of the United States Attorney, for appellees.
 Before ERVIN, Chief Judge, and PHILLIPS and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Anthony Grandison appeals the order of the district court granting summary judgment to defendants on Grandison's Bivens[1] complaint concerning events surrounding his arrest by federal agents for participating in the shooting of Joseph Miller, a federal witness. Grandison specifically alleged in his complaint that (1) the affidavit submitted by Agent Miller to support his arrest contained false information in that there was no confidential informant, as claimed by Agent Miller; (2) he was subjected to excessive force while being arrested and at the police station; (3) his car and person were illegally searched; and (4) he was denied medical treatment for injuries sustained during his arrest.
 
 
 2
 We note at the outset that although the district court stated as its reason for adopting the magistrate's report that Grandison had failed to file timely objections to this report, it nevertheless conducted a de novo review of the record and Grandison's objections, including listening to the tape of the proceedings before the magistrate, and found Grandison's claims to be without merit. The district court was correct in finding that the objections to the report were filed outside of the time period allowed by the court for objections. However, it appears from the record that Grandison gave his objections to prison authorities for mailing within this time period. Consequently, we find that a de novo review of the record and objections was appropriate and affirm the district court on the basis of this review. See Houston v. Lack, 108 S.Ct. 2379 (1988). We take up Grandison's claims seriatim.
 
 
 3
 Grandison's primary claim concerns the alleged false affidavit. Grandison contends that the affidavit falsely indicated that a confidential informant told Agent Miller that Marvin Webster, a reputed drug dealer in custody for narcotics offenses, had put out "contracts" for several people expected to testify against him. The magistrate conducted an in camera[2] hearing to determine if defendants could establish that, contrary to Grandison's claims, the informant existed and was reliable. Based on the testimony at the hearing, the magistrate concluded that the informant did exist and was reliable. Grandison strenuously argues against the in camera proceeding, claiming that he has been denied a meaningful chance to challenge defendant's presentation.
 
 
 4
 We need not decide the appropriateness of this in camera proceeding because we reject Grandison's claim without considering the information imparted by the alleged informant.[3] We note that Grandison's claim is a Fourth Amendment claim challenging the sufficiency of the facts to establish probable cause and as such is governed by the analysis in Franks v. Delaware, 438 U.S. 154 (1978). In Franks the Court recognized that a criminal defendant could overcome the presumption of validity of affidavits supporting search warrants with specific allegations, and support, that law enforcement officers committed a "deliberate falsehood" or indulged in a "reckless disregard for the truth." Id. at 171. However, the Fourth Amendment is not violated if the offensive material is excised and "there remains sufficient content in the warrant affidavit to support a finding of probable cause." Id. at 172. We conclude, without consideration of the disputed comments, that the remaining facts in the affidavit support a finding of probable cause.
 
 
 5
 We note that the affidavit shows that Marvin Webster knew Joseph Miller was to be a witness against him and that Grandison assisted in carrying out the shooting of (witness) Miller by telling (witness) Miller to wait because "someone had a message for him." We also note that the triggerman, Vernon Evans, was found in the back seat of Grandison's car shortly after the shooting, with the lights on and the engine running.[4] We deem these facts sufficient to establish that a reasonable, prudent person would believe that Grandison had committed an offense. See Berger v. New York, 388 U.S. 41, 55 (1967). Therefore, we conclude that there was no violation of Grandison's Fourth Amendment rights. Franks v. Delaware, supra.
 
 
 6
 Grandison also alleges that he was subjected to excessive force during his arrest and at the DEA detention facility. He alleges an unspecified eye damage. The record discloses, however, that the force used during Grandison's arrest was relatively minor compared to the need to restrain the violently resisting Grandison. See Tennessee v. Garner, 471 U.S. 1, 8 (1985). Regarding Grandison's claim of excessive force at the detention area, we note that Grandison has produced no evidence to support his allegation or to contradict defendants' affidavits to the contrary. Thus, the district court properly granted summary judgment on this claim, as well. See Celotex Corp. v. Catrett, 477 U.S. 317 (1986).
 
 
 7
 Grandison's final claim concerns the alleged denial of medical treatment for the injuries sustained during his arrest. We find this claim to be meritless because Grandison has failed to identify any serious injury, or any lingering effects, arising from his arrest. See Cooper v. Dyke, 814 F.2d 941, 948-49 (4th Cir.1987).
 
 
 8
 Accordingly, we affirm the order of the district court accepting the recommendation of the magistrate. We dispense with oral argument because the facts and legal contentions[5] are adequately presented in the record and oral argument would not aid the decisional process.
 
 
 9
 AFFIRMED.
 
 
 
 [1]
 Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971)
 
 
 [2]
 The hearing was held in camera because of concern for the informant's safety
 
 
 [3]
 Because of our disposition of this claim, we deny Grandison's motion to obtain a transcript of the in camera testimony
 
 
 [4]
 No one else was in the car at the time
 
 
 [5]
 We note that Grandison has not filed an informal brief on his behalf. It is likely that Grandison withheld filing a brief until this Court ruled on his motion for a transcript of the in camera hearing. Nonetheless, we consider Grandison's failure to file a brief a waiver of his right to file a brief. We note that Grandison's brief was due August 16 and he has not requested any extension of time. The only method to obtain an enlargement of time to file a brief is through a specific motion to that effect. See Advisory Committee Notes to Fed.R.App.P. 26. Therefore, Grandison is foreclosed from filing a brief in this Court